# Cobourn's Estate.

*Appeals—Assignments of error—Exceptions to auditor's report—Paper-book—Contract.*

1. An assignment of error covering five exceptions to an auditor's report is in violation of the rule of court and will not be regarded.

2. An assignment of error to a construction placed upon a contract by the court below will not be considered, where the contract which was in writing is not printed in the paper-book, and the oral evidence is insufficient to establish it.

*Husband and wife—Assignment of interest on bond.*

3. Where a wife assigns to her husband "the interest now due, or that may become due or accrue" on a certain bond, but reserves to herself all interest in the principal debt secured by the bond, and the right to receive and enforce payment of the bond, and the wife collects the principal of the bond one year after the assignment and more than ten years before her death and does not reinvest the proceeds, the husband cannot, after the death of his wife, claim an amount of money equal to the interest on the bond during the last ten years of his wife's life.

588 COBOURN'S ESTATE.

Statement of Facts—Opinion of the Court. [46 Pa. Superior Ct.

Argued Nov. 23, 1910. Appeal, No. 181, Oct. T., 1910, by Henry Cobourn, from decree of O. C. Chester Co., dismissing exceptions to auditor's report in estate of Sarah Ann Cobourn, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to report of George B. Johnson, Esq.
The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in the following form:

1. The court erred in dismissing the exceptions to the auditor's report, confirming the same, and making an order to pay out in accordance therewith.

2. The learned court erred in not requiring the auditor to review the facts de novo, the report having been referred back to him for that purpose.

3. The learned court erred in not finding as a fact from the uncontradicted evidence that Henry Cobourn was to have the interest on the $2,500, during his life, and that this construction was put upon the contract by both parties thereto.

4. The learned court erred in surcharging the accountant with the item of $650 interest on Samuel Conard's bond.

5. The learned court erred in surcharging the accountant with the item of $237 interest to become due to Henry Cobourn on $1,000 according to his expectancy of life.

6. The learned court erred in awarding to Lillian B. Cobourn, administratrix of George P. Cobourn, $813.07.

7. The learned court erred in assuming jurisdiction of the issue raised as to the property in dispute in this case.

*George B. Johnson*, for appellant.

*J. Frank E. Hause*, with him *J. Rohrman Robinson*, for appellee.

OPINION BY PORTER, J., April 22, 1911:
The orphans' court did not attempt to determine

whether personal property claimed by this administrator, as his own, was or was not the property of the decedent, and the question of the jurisdiction of that court to pass upon such a question does not arise in this case. The appellant was not charged with any property, or the proceeds thereof, which he had not in his account admitted to be the property of the estate. The question which first arose in the proceedings was whether the appellant, as administrator, was entitled to certain credits which he claimed in his account. He shifted his position while the case was pending before the auditor and himself requested that he be surcharged with these items, that is, that these items of credit in the account as stated be disallowed, and he then claimed that he was entitled to receive, out of the balance for distribution thus arrived at, the amounts represented by these items, as a creditor of the estate. The effect of this was to eliminate from the account the items for which the administrator had therein claimed credit, and, to that extent, increase the actual balance for distribution. The appellant thus assumed the burden of establishing by evidence that he, as a creditor, was entitled to receive the sums in question out of the balance for distribution.

The first assignment of error complains of the action of the court "in dismissing the exceptions to the auditor's report, confirming the same, and making an order to pay out in accordance therewith." There had been five exceptions filed to the report of the auditor, which raised distinct questions of law and fact, and, as this specification embraces more than one point and raises more than one distinct question, it involves a violation of the rule of this court, and must be disregarded. This disposition of the first specification does not, however, work any injury to the appellant, as the real question involved in this appeal is raised by the sixth specification of error. The second specification alleges error on the part of the court in not requiring the auditor, when the report was referred back to him, after the first exceptions were sustained,

to review the facts de novo, the report having been referred back to him for that purpose. This specification is without merit. The report was referred back to the auditor "for revision and correction in accordance with the views and directions above set forth," that is in the opinion sustaining the exceptions, on March 8, 1909. This appellant, on June 7, 1909, presented to the court a petition praying for a full rehearing, which prayer the court granted and, on July 6, 1909, amended the order referring the case back to the auditor "so that he is authorized to take such testimony as may be offered by either party to the exceptions or account, and make report thereon with his opinion." The auditor subsequently received all the testimony that this appellant offered, and his report shows that he had given to that testimony all the consideration that it deserved. The review of the facts contained in the second report of the auditor was as full as could be reasonably desired, and the second specification of error is dismissed. The third specification asserts error, on the part of the court below and the auditor, "in not finding as a fact from the uncontradicted evidence that Henry Cobourn was to have the interest on the twenty-five hundred dollars, during his life, and that this construction was put upon the contract by both parties thereto." The appellant has not printed the contract referred to, which seems to have been in writing, in his paper-book, and we cannot, without having seen the contract attempt to pass upon its construction. The oral evidence disclosed that the $2,500 referred to had been represented by a mortgage which had been paid off and satisfied about twelve years before the death of Mrs. Cobourn, and the money received from that source had subsequently been invested in other securities, with regard to the interest on which an agreement in writing was subsequently executed by the parties. The oral evidence failed to establish that this appellant was entitled to the interest on this sum of $2,500 during his entire life and this specification of error is overruled. The

fourth specification asserts that the court erred "in surcharging the accountant with the item of $650 interest on Samuel Conrad's bond," and the fifth specification alleges that the court erred "in surcharging the accountant with the item of $237 interest to become due to Henry Cobourn on $1,000 according to his expectancy of life." These specifications of error must be overruled for the reason that the action of the auditor, which was approved by the court, in striking out these claims of credit by this appellant in his original account, was at the request of the appellant, as stated in the opening of this opinion. The appellant had shifted his ground, he formally admitted that the items in question were not such as he could claim credit for in his account, as proper disbursements, and he then undertook to establish his right to receive said amounts as a creditor. Whether the evidence established that the appellant was entitled to receive the sums of money in question, out of the fund for distribution, can properly be considered under the sixth specification of error. The sixth specification alleges error in awarding to Lillian B. Cobourn, administratrix of George Parker Cobourn, the sum of $813.07. The decedent had left to survive her one son, George Parker Cobourn, who died after his mother but before the date of distribution and Lillian B. Cobourn had become administratrix of his estate. The award to her, as administratrix, of the sum above stated was not as a creditor but as representative of the estate of next of kin of the decedent. If the evidence established that the appellant was entitled, as a creditor of the estate, to the amounts which he claimed, this fund ought to have been awarded to him and the award to the estate of the deceased son of the decedent was improper. Did the evidence establish that the appellant had a valid claim against the estate for payment of $650 interest on a sum of money, which had at one time been represented by a bond of Samuel Conrad, for $1,000, and, also, to the sum of $237 as the value of his alleged right to receive that interest in the future, during

his life? The claims presented by appellant arose under the following circumstances. Sarah Ann Cobourn, the decedent, being the owner of a certain bond, on April 4, 1904, executed a written instrument in the following words, viz.: "For a valuable consideration unto me in hand paid I hereby assign, transfer and set over unto my husband, Henry Cobourn, all interest now due or that may become due or accrue on a certain bond and warrant bearing date . . . .; the said bond and warrant being recorded in the office for the recording of . . . . in and for the County of Chester and state aforesaid . . . . from Samuel S. Conrad to me, and the principal sum due on said bond and warrant now being $1,000, during the term of the natural life of the said Henry Cobourn, together with all rights and remedies necessary for the enforcement of the payment of the semi-annual interest at five per cent per annum. It being, however, understood and agreed that nothing herein contained shall assign to the said Henry Cobourn any of my interest in the principal debt thereby secured, or in any way interfere with my rights to enforce payment of the same in accordance with the terms of the said recited bond and warrant." Conrad, the obligor, paid off this bond on April 4, 1895, a year after the assignment, Mrs. Cobourn received the $1,000 principal, as under the terms of the assignment she had a right to do, and so far as disclosed by the evidence in this case that principal was never reinvested. The appellant claimed that he was entitled to receive, as a creditor of the estate, the interest on this $1,000, at the rate of five per cent, from the date of the assignment, in April, 1894, to April, 1907, amounting to $650, and also, that, under the provisions of the assignment, he was entitled to a life estate in the interest of that principal sum, which computed according to the mortality tables, amounted to $237. The written assignment did not vest in this appellant a life estate in the $1,000 of the principal debt secured by the bond, all that it transferred to him was the right to receive the "interest now due or that may become due

or accrue on a certain bond." The decedent, in express terms, reserved to herself all interest in the principal debt secured by the bond and the right to receive and enforce payment of the bond according to its terms. She did collect the principal debt secured by the bond about one year after the date of the assignment and more than ten years before her own death. No interest could accrue on that bond after it was paid, in April, 1895, and the written instrument upon which the rights of this appellant depended gave him no claim upon the income of any security in which the principal sum might afterwards be invested. All interest of this appellant in this fund or its income ceased on April 4, 1895, under the undisputed facts, and according to the terms of the written assignment. The evidence would not have warranted a finding that the decedent had received the interest on this bond prior to April 1, 1895, when the interest ceased. Even if the decedent had received the interest during that period, it was more than ten years prior to her death, and there was nothing in the evidence to bar the running of the statute of limitations. The appellant attempted to establish by parol evidence that there was an understanding between him and his wife, the decedent, that appellant was to have the interest on this $1,000 after Conrad had paid off and discharged the bond, during the term of his natural life. Even if it be assumed that the provisions of the written instrument could be varied in this manner, the utmost that can be said for this parol testimony is that it was to the effect that the appellant was to have the interest on this money "so long as it was loaned to any one, during his life." The money never was loaned to anyone, and even under this parol testimony the appellant was entitled to nothing. All the specifications of error are dismissed.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellant.